### CITY OF KETCHIKAN v. STRONG, School District Treasurer.

(First Division. Ketchikan. July 5, 1918.)

No. 322–KA.

**1. Schools and School Districts ⚖=19(4)—School Funds.**

The treasurer of the Ketchikan school district received two warrants from the secretary of the territory aggregating $8,-164.13, and deposited the same in the bank to the credit of the "treasurer of the school board of the Ketchikan school district." The city of Ketchikan brought mandamus to compel him to deposit the money "in the city treasury of the city of Ketchikan to the credit of the city school fund." On demurrer to the alternative writ. *Held,* the money belonged to the school fund of the school district, and not to the school fund of the city of Ketchikan.

**2. Schools and School Districts ⚖=21—Municipal Corporations.**

A municipal corporation in Alaska has power "to establish school districts" within the municipality, but, once the school district is established, it becomes an entirely distinct corporate entity, having its own separate board, officers, and functions, and is a quasi public corporation, separate from the municipality.

The complaint alleges: (1) That in accordance with the provisions of section 3, chapter 28, Territorial Session Laws of 1917, there duly came into the hands of defendant from the secretary of the territory of Alaska two warrants aggregating the sum of $8,164.13, payable to the order of "William G. Strőng, treasurer of the school board of the Ketchikan school district." (2) That said defendant refused, and still refuses, "to deposit said warrants in the city treasury of the said city of Ketchikan in the school fund of said city," but that, on the contrary, he did deposit them "in the Miners' & Merchants' Bank of Ketchikan to the credit of William G. Strong, treasurer of the school board."

A mandamus directing said Strong to deposit the said warrants "in the city treasury of the city of Ketchikan to the credit of the city school fund" is prayed for.

An alternative writ was duly issued. Defendant duly appeared and demurred generally to the alternative writ and petition on which it is based.

S. A. Plumley, of Ketchikan, for plaintiff.

James M. Thorp, of Ketchikan, for defendant.

JENNINGS, District Judge. The city of Ketchikan was organized under and in pursuance of section 624 et seq., Compiled Laws of Alaska 1913, and having been so organized it did, under the twelfth subdivision of section 627, supra, establish the Ketchikan school district.

While it is true that, in one sense of the word, the school district is the child of the municipality, yet it is also true that it is an entirely distinct corporate entity, having its own separate board, officers, and functions. School districts are at least quasi public corporations. 35 Cyc. 831.

The city, by its common council, is "to establish school districts" and "to provide the same with suitable schoolhouses, and to maintain public schools therein, and to provide the necessary funds for the schools."

However, once the school district is established, and a school set up, and the necessary funds provided, said funds are "under the supervision and control of a school board of three members, consisting of a director, a treasurer, and a clerk," who are to be elected by the people and to hold office for a fixed term and until their successors are elected and qualified. Each member of the board must take an oath in writing to honestly and faithfully discharge the duties of his trust. "The said board shall have the power to hire and employ the necessary teachers, to provide for heating and lighting the schoolhouse, and in general to do and perform everything necessary for the due maintenance of a proper school." Subdivision 12, § 627, Compiled Laws Alaska 1913.

When once the city money has been appropriated for the maintenance of the schools, and paid over to the treasurer of the school board, the city no longer has control over it, or right to it, except, perhaps, as an ultimate reversioner. Such money passes into the custody of the treasurer of the school board, to be expended under the direction of said board for the maintenance of the schools. Not only is the treasurer of the school board the proper custodian, when the fund for maintenance is derived from the city, but he is also made the custodian of "all money available for school purposes, except for the construction and equipment of schoolhouses and the acquisition of sites for the same." For the safe-keeping and for the faithful disbursement and accounting for all money that may come into his hands as treasur-

er he is required to give a bond, with sufficient sureties, "to the school district." Section 627, Compiled Laws Alaska 1913.

While it is the duty of the city council to provide the school district with suitable schoolhouses and to maintain public schools therein, yet it cannot be successfully contended that the school district is powerless to accept and utilize gifts from other sources, of money to be used in the maintenance of established schools. If such a gift is made to the school board, who but the treasurer of the school board is the legal custodian thereof?

The Legislature of the territory provided for just such a gift by the enactment of said chapter 28, Session Laws 1917. The money therein provided for cannot be said to have been given to the "city and not to the school district." The language of section one of said act is, "shall be refunded to the school fund of said incorporated town or incorporated school district." By section 4 of said act it is provided that the warrant is to be made "payable to the treasurer of the school board, submitting, the said expense account," and that the said warrant is to "be deposited in the school fund of the incorporated town, city or incorporated school district." Thus it would seem that the injunction is "to deposit" in either one of two specific places.

The petition says that the warrants in this case were drawn as provided by law by the secretary of the territory, and that they were delivered to the person in whose favor they were drawn, to wit, William G. Strong, treasurer of the Ketchikan school district, and that they have been deposited by him in the bank to his credit as such treasurer. The said funds are "in the school fund of the incorporated school district." At any rate, the school district is making no complaint.

It is not apparent that facts are alleged at all sufficient to warrant the issuance of the extraordinary writ of mandamus, which is only justified when it is needed "to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." Section 1385, Comp. Laws Alaska 1913.

The attention of the court has not been directed to any law which "specially enjoins the treasurer of an incorporated

school district to deposit in the treasury of the city funds which have accrued to the school district for maintenance of the schools. On the contrary, those are the very funds of which the said treasurer of the school district is made the custodian and for which he gives his bond.

The demurrer will be sustained.

⬳See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes